TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
S. JAY GOVINDAN, Section Chief
MEREDITH L. FLAX, Deputy Chief
KAMELA A. CASCHETTE, Trial Attorney
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0340
Kamela.Caschette@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TILLMAN GRAY d/b/a AVON SEAFOOD and SLASH CREEK WATERWORKS, INC., <br><br>　　　　　Plaintiffs, <br><br>　v. <br><br> GINA M. RAIMONDO, in her official capacity as Secretary of Commerce, and NATIONAL MARINE FISHERIES SERVICE, <br><br>　　　　　Defendants. | CASE NO. 1:24-cv-01431-APM |

## STIPULATED SETTLEMENT AGREEMENT

This Stipulated Settlement Agreement ("Agreement") is entered into by and between plaintiffs Tillman Gray doing business as Avon Seafood and Slash Creek Waterworks, Inc. ("Plaintiffs") and defendants Gina M. Raimondo, in her official capacity as Secretary of Commerce, and the National Marine Fisheries Service ("Defendants") (collectively, "Parties"). In support of this Agreement, the Parties state as follows:

WHEREAS, on May 15, 2024, Plaintiffs filed the above-captioned action to compel Defendants to prepare a fishery management plan or plan amendment and any accompanying regulations to stop overfishing on the South Atlantic red snapper stock under 16 U.S.C. § 1854(e)(5);

WHEREAS, the Parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiffs' claim, have negotiated a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' complaint;

WHEREAS, the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve Plaintiffs' complaint;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. Defendants shall complete and submit to the Office of the Federal Register for publication by June 6, 2025, a final rule implementing a Secretarial Amendment to stop overfishing on the South Atlantic red snapper stock under 16 U.S.C. § 1854(c) & (e).

2. Paragraph 1 shall not apply if the South Atlantic Fishery Management Council has prepared a plan amendment or proposed regulations to end overfishing of the South Atlantic red snapper stock that Defendants have approved, and Defendants have submitted a final rule corresponding to such plan amendment or proposed regulations to the Office of the Federal Register for publication by June 6, 2025.

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either party seeks to modify the terms of

this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The Parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court.

4. In the event that there is a lapse in the appropriations that fund Defendants, such as a government shutdown, or other legal barrier to Defendants' expenditure of funds, the deadlines in Paragraphs 1 and 2 of this Stipulated Agreement shall be automatically extended by one day for each day of the lapse in appropriations or other legal barrier to Defendants' expenditure of funds.

5. In the event that interagency review of any proposed or final rule in accordance with Executive Order 12866 exceeds 90 days, the deadlines in Paragraphs 1 and 2 shall be extended by 20 days.

6. In the event that Defendants fail to meet the deadline in Paragraph 1 and have not sought to modify this Agreement, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, following the dispute resolution procedures described in Paragraph 3 above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

7. Plaintiffs reserve their right to request attorneys' fees and costs from Defendants. Defendants reserve their right to contest Plaintiffs' entitlement to recover fees and the amount of

any such fees and do not waive any objection or defenses they may have to Plaintiffs' request. Plaintiffs request that they be given 90 days from this Court's approval of this Agreement to file a potential motion for costs and attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d) so that they may seek to resolve the issue with Defendants without this Court's further involvement.

8. This Agreement requires only that Defendants take the action specified in Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the MSA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the MSA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraph 1 or Paragraph 2 of the Agreement. To challenge any final determination issued pursuant to Paragraph 1 or Paragraph 2, Plaintiffs must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

9. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing a Secretarial Amendment to stop overfishing and rebuild a stock of any regulated fishery.

10. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the

future by any other party. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiffs' complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

11. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

12. The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the parties. By entering into this Agreement, none of the Parties waive any legal rights, claims, or defenses except as expressly stated herein. This Agreement contains all the terms of agreement between the parties concerning the complaint and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

13. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

14. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying this Agreement.

15. Upon adoption of this Agreement by the Court, all counts of Plaintiffs' complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted on this 20th day of August, 2024.

| | |
|---|---|
| */s/ Seth Atkinson*<br>Seth L. Atkinson (Bar ID CA00190)<br>Quillback Consulting<br>348 Nobel Drive<br>Santa Cruz, CA 95060<br>(203) 331-2792<br>seth@quillbackconsulting.com<br><br>*Attorney for Plaintiffs* | TODD KIM,<br>Assistant Attorney General<br>United States Department of Justice<br>Environment & Natural Resources Division<br>S. JAY GOVINDAN, Section Chief<br>MEREDITH L. FLAX, Deputy Chief<br><br>*/s/ Kamela A. Caschette*<br>KAMELA A. CASCHETTE<br>Trial Attorney<br>Wildlife & Marine Resources Section<br>P.O. Box 7611, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel | (202) 305-0340; Fax | (202) 305-0275<br>E-mail: kamela.caschette@usdoj.gov<br><br>*Attorneys for Defendants* |

**SO ORDERED.**

Date: _____, 2024         By: _____
                                                                              HON. AMIT P. MEHTA
                                                                              UNITED STATES DISTRICT JUDGE